### 9222

### MORGAN-AUSTIN CO. v. EASSY.

#### (86 S. E. 673.)

#### Materialman's Lien. Appeal and Error. Contracts.

1. Appeal and Error.—The burden is on appellant to show that findings of fact by the master in a chancery case, concurred in by the Court, are against weight of the evidence.

2. Materialman's Lien.—One furnishing material actually used in the repair of a storehouse, by virtue of an agreement with the owner of such building to pay therefor, is entitled under Civil Code 1912, sec. 4118, to lien upon the property improved.

3. Contracts—Parties.—A materialman accepting an assignment from a builder of payments to be made under a contract, does not thereby become a party to the contract, or bound by all of its terms.

Before Wilson, J., Greenville, April, 1914. Affirmed.

Action by Morgan-Austin Company against S. J. Eassy. From a judgment for foreclosure of a mechanic's lien, defendant appeals. The facts are stated in the opinion.

Footnote.—See note in 50 L. R. A. (N. S.) 159, and in 14 A. & E. Ann. Cas. 144, as to effect, as against subcontractors, material men and laborers, of stipulation by contractor in principal contract that no lien shall be asserted.

*Mr. J. J. McSwain,* for appellant, submits: *Sale was under builder's contract:* 86 S. C. 313. *And seller was thereby estopped from asserting claim to lien against building:* 91 S. C. 175; 4 Cyc. 1; 23 Cyc. 1260.

*Mr. H. K. Townes,* for respondent, cites: Civil Code 1912, sec. 4113; 16 S. C. 143; 71 S. C. 361; 19 S. C. 1-7; 86 S. C. 48.

October 28, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action to foreclose a mechanic's lien for $297.92 for building materials alleged to have been sold to defendant on account, which was denied by defendant.

The findings of the master, which were concurred in by the Circuit Court, are: On September 2, 1912, defendant entered into a written contract with D. O. Killian to repair a storehouse. On the same day, Killian, by writing endorsed on the contract, assigned to plaintiff so much of the payments therein stipulated for as might be necessary to pay for all material furnished by plaintiff in carrying out the contract. Prior to September 9, plaintiff furnished materials to the amount of $43 in value, and charged them on its books to D. O. Killian and S. J. Eassy. On September 9, defendant went to see plaintiff about the kind of materials being furnished, and, then, for the first time, plaintiff notified defendant of the assignment, and that the goods were being charged to him; that defendant consented and promised to pay for them; that on and after September 9, plaintiff furnished materials which amounted in value to $297.92, which sum is due and owing to plaintiff by defendant. The items, amounting to $43, which were furnished before notice to defendant were not allowed.

Appellant has failed to show that the findings below are against the weight of evidence. He contends, nevertheless, that plaintiff is not entitled to a lien, because the contract

between defendant and Killian contained this provi-
2, 3   sion: "In consideration of the foregoing, the said S.
J. Eassy is to pay said D. O. Killian, as the work
progresses, upon production of material, bills and time books
in payments not to exceed $100 each, and not to aggregate
more than $500, and when the work is finished and accepted
by Eassy the balance of $400 to become payable, with the
understanding and agreement that said Eassy is to be pro-
tected from any claim by materialmen or laborers, and to
see that said money, or so much as may be necessary, shall
be applied to the payment of material and labor." And
that, by taking the assignment, plaintiff became a party to
the contract, and was, therefore, bound by the stipulation
that defendant was to be protected from any claim by
materialmen and estopped from asserting such claim. This
contention is unsound; because, first, the *contract* was not
assigned to plaintiff, but only the *payments* which might
become due to Killian under it, and, therefore, plaintiff did
not become a party to the contract, so as to be bound by all
of its terms; second, plaintiff made a subsequent agreement
with defendant, whereby defendant was to pay for the
materials furnished. Defendant had the right to do this
under the express terms of his contract with Killian, in
which he reserved the right "to see that said money, or so
much as may be necessary, shall be applied to the payment
of material and labor." Moreover, the contract provided
that payments to Killian were to be made "upon production
of material, bills and time books," which afforded defendant
ample means of protecting himself.

Judgment affirmed.